IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Larry Durrance, | Civil Action No.: 2:11-368-JMC-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| Lavern Cohen, et.al., | |
| Defendants. | |

The pro se Plaintiff filed this prisoner civil rights action on February 15, 2011. (Dkt. # 1.) Before the court is the Plaintiff's Motion for Summary Judgment which was filed contemporaneously with the Complaint on February 15, 2011. (Dkt. # 4.).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

When the Plaintiff filed his Complaint, he also filed a motion for summary judgment. The Defendants were only recently served on March 11, 2011. (Dkt. # 14.) As the Defendants have not yet even answered the Complaint, nor had the opportunity to conduct any discovery, this motion should be denied. *See Blackwell v. Bennett*, 2008 WL 5273606 (W.D.N.C. 2008) (unpublished) (holding that "[i]t goes without saying that inasmuch as all of the defendants have not yet been served and/or had the opportunity to respond to his Complaint, the Plaintiff's Motion for Summary Judgment must be dismissed, without prejudice, as premature." )

Based on the foregoing, it is recommended that the Plaintiff's Motion for Summary Judgment (Dkt. # 4) be DENIED without prejudice as premature.

IT IS SO RECOMMENDED.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

March 17, 2011
Charleston, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).